# Exhibit A

**SUMMONS**

Printed Name: *Di Hooley*
Date: *5/8/14* Time: *10:50 am*
M.C.S.O. Appointed # *74*
In Good Standing In the 16th
Judical Circuit in and for
Monroe County

## Superior Court of New Jersey

| Attorney(s) | Steven A. Lang, Esq. |
|---|---|
| Office Address | 1 Boradway |
| | Suite 201 |
| Town, State, Zip Code | Denville, NJ 07834 |
| Telephone Number | (973) 957-0808 |
| Attorney(s) for Plaintiff | ATI AIR TECHNOLOGY, INC. |

Morris — COUNTY

Law — DIVISION

Docket No: 676-18

ATI AIR TECHONOLGY, INC.

Plaintiff(s)

Vs.
SUNSET MARINA ET AL

Defendant(s)

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153 deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: 04/26/2018

Name of Defendant to Be Served: SUNSET MARINA APARTMENTS, LLC

Address of Defendant to Be Served: 5555 COLLEGE ROAD, KEY WEST, FL 33040

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN        NJ 07960

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 656-4100
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   APRIL 10, 2018
                        RE:     ATI AIR TECHNOLOGY,  INC.  VS SUNSET MARINA
                        DOCKET: MRS L -000676 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID H. IRONSON

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 656-4106.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:

                             ATT: STEVEN A. LANG
                             STEVEN A. LANG
                             1 BROADWAY STE 201
                             DENVILLE        NJ 07834

ECOURTS

Server: _____
Printed Name: Dt. Hooly
Date: 5/8/18   Time: 10:50 Am
M.C.S.O. Appointed # 74
In Good Standing In the 16th
Judical Circuit in and for
Monroe County

SUMMONS

Attorney(s)  Steven A. Lang. Esq.

Office Address  1 Boradway
Suite 201

Town, State, Zip Code  Denville, NJ 07834

Telephone Number  (973) 957-0808

Attorney(s) for Plaintiff  ATI AIR TECHNOLOGY, INC.

ATI AIR TECHONOLGY, INC.

Plaintiff(s)

Vs.
SUNSET MARINA ET AL

Defendant(s)

Superior Court of
New Jersey

| Morris | COUNTY |
| Law | DIVISION |

Docket No:  676-18

CIVIL ACTION
SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED:  04/26/2018

Name of Defendant to Be Served:  SUNSET MARINA, LLC

Address of Defendant to Be Served:  5555 COLLEGE ROAD, KEY WEST, FL 33040

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

MRS L  000676-18  04/11/2018 4:51:57 AM  Pg 1 of 1  Trans ID: LCV2018625726

```
MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN        NJ 07960

                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 656-4100
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:  APRIL 10, 2018
                    RE:    ATI AIR TECHNOLOGY,  INC.  VS SUNSET MARINA
                    DOCKET: MRS L -000676 18

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID H. IRONSON

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 656-4106.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                            ATT: STEVEN A. LANG
                            STEVEN A. LANG
                            1 BROADWAY STE 201
                            DENVILLE        NJ 07834


ECOURTS
```

Server: _____
Printed Name: DC Howley
Date: 5/8/18   Time: 1030 am
M.C.S.O. Appointed # _____
In Good Standing In the 16th
Judical Circuit in and for
Monroe County

SUMMONS

| Attorney(s) | Steven A. Lang, Esq. |
| Office Address | 1 Boradway |
| | Suite 201 |
| Town, State, Zip Code | Denville, NJ 07834 |
| Telephone Number | (973) 957-0808 |
| Attorney(s) for Plaintiff | ATI AIR TECHNOLOGY, INC. |

ATI AIR TECHONOLGY, INC.

Plaintiff(s)

Vs.
SUNSET MARINA ET AL

Defendant(s)

**Superior Court of
New Jersey**

| Morris | COUNTY |
| Law | DIVISION |

Docket No: 676-18

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED:  04/26/2018

Name of Defendant to Be Served:  SUNSET MARINA

Address of Defendant to Be Served:  5555 COLLEGE ROAD, KEY WEST, FL 33040

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

MRS L  000676-18  04/11/2018 4:51:57 AM  Pg 1 of 1  Trans ID: LCV2018625726

```
MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN       NJ 07960
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 656-4100
COURT HOURS  8:30 AM - 4:30 PM


                     DATE:   APRIL 10, 2018
                     RE:     ATI AIR TECHNOLOGY,  INC.  VS SUNSET MARINA
                     DOCKET: MRS L -000676 18


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID H. IRONSON

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT:  (973) 656-4106.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                     ATTENTION:
                            ATT: STEVEN A. LANG
                            STEVEN A. LANG
                            1 BROADWAY STE 201
                            DENVILLE        NJ 07834


ECOURTS
```

Steven A. Lang — 018281992

**STEVEN A. LANG, ESQ.**
1 Broadway, Suite 201
Denville, NJ, 07834
973-975-0808

Counsel to Plaintiff,
ATI-Air Technology, Inc.

| | |
|---|---|
| ATI AIR TECHONOLOGY, INC. | LAW DIVISION: MORRIS COUNTY |
| Plaintiff, | DOCKET NO.: MRS-L-676-18 |
| v. | Civil Action |
| SUNSET MARINA, SUNSET MARINA, LLC, SUNSET MARINA, LLC d/b/a SUNSET MARINA, SUNSET MARINA APARTMENTS, LLC, SUNSET MARINA APARTMENTS, LLC d/b/a SUNSET MARINA, ROBERT PABIAN, ROBERT PABIAN d/b/a SUNSET MARINA, FRANK O'CONNOR, FRANK O'CONNOR d/b/a SUNSET MARINA, JOHN DOES 1-25 and XYZ COMPANIES 1-25, | AMENDED COMPLAINT |
| Defendants | |

Plaintiff, ATI Air Technology, Inc., by way of Complaint against the Defendants, Sunset

Marina, Sunset Marina, LLC, Sunset Marina, LLC d/b/a Sunset Marina, Sunset Marina

Apartments, LLC, Sunset Marina Apartments, LLC d/b/a Sunset Marina, Robert Pabian, Robert

Pabian d/b/a Sunset Marina, Frank O'Connor, Frank O'Connor d/b/a Sunset Marina, John Does

1-25 and XYZ Companies 1-25, says as follows:

## THE PARTIES

1.      Plaintiff, ATI Air Technology, Inc. ("ATI") is a corporation formed pursuant to the laws

of the State of New Hampshire having a principal place of business located at 429 Rockaway

Valley Road, Building 12, Boonton, NJ 07005.

2.      Defendant, Sunset Marina, is a business enterprise having a place of business located at

5555 College Road, Key West, FL 33040.

3.      Defendant, Sunset Marina, LLC is a limited liability company formed pursuant to the laws of the State of Florida whose address of record is 5555 College Road, Key West, FL 33040.

4.      Upon information and belief, Defendant, Sunset Marina, LLC does business as Sunset Marina.

5.      Defendant, Sunset Marina Apartments, LLC is a limited liability company formed pursuant to the laws of the State of Florida whose address of record is 5555 College Road, Key West, FL 33040, Robert Pabian, 5625 2nd Avenue Key West, FL 33040, registered agent.

6.      Upon information and belief, Defendant, Sunset Marina Apartments, LLC does business as Sunset Marina.

7.      Defendant, Robert Pabian ("Pabian") is an individual whose address of record is 5625 2nd Avenue Key West, FL 33040.

8.      Pabian does business as Sunset Marina.

9.      At all times relevant hereto, Pabian held himself out as being authorized to act on behalf of Sunset Marina.

10.     Defendant, Frank O'Connor ("O'Connor") is an individual who, upon information and belief, has a business address located at 5625 2nd Avenue Key West, FL 33040.

11.     O'Connor does business as Sunset Marina.

12.     At all times relevant hereto, O'Conner held himself out as being authorized to act on behalf of Sunset Marina.

13.     Third Party Defendants John Does 1-25 are fictitious designations for individuals, the identities of whom are presently unknown to ATI and who may be liable for ATI's damages complained of herein.

14.     Third Party Defendants XYZ Companies 1-25 are fictitious designations for individuals, the identities of whom are presently unknown to ATI and who may be liable for ATI's damages complained of herein.

## FACTS COMMON TO ALL COUNTS

15.     ATI is in the business of, among other things, remediating property damage caused by natural disasters such as hurricanes.

16.     ATI provides its services both within and without the United States.

17.     ATI is licensed to provide such services in, among other states, the State of Florida.

18.     In or about October 2017, Pabian and O'Connor, acting on behalf of Sunset Marina, solicited ATI to provide a proposal for a project to remediate 44 apartments located in Key West, Florida that were damaged by Hurricane Irma. In connection therewith, on October 17, 2017 O'Connor emailed ATI "a copy of a plan of one floor of the buildings (2 units)." A true copy of the October 17, 2017 email is attached as **Exhibit "A"** hereto.

19.     ATI submitted a proposal to provide the services specified therein for the sum of $1,420,000.00.

20.     Pabian, purporting to be acting in his capacity as Sunset Marina's "manager", accepted the Offer and sent same to ATI and to O'Connor on October 20, 2017. A true copy of the Offer bearing Pabian's signed acceptance is attached as **Exhibit "B"** hereto.

21.     In reliance on the assumption that Sunset Marina would honor the contract, ATI forewent the opportunity to provide its services to others.

22.     By email dated January 5, 2018, a true copy of which is attached as **Exhibit "C"** hereto, O'Connor informed ATI that Sunset Marina was terminating the Contract. Said email states

Robert:

3

> We need to cancel your Contract. Insurance Advances are not forthcoming as expected which precludes our ability to meet your funding requirements.
>
> We greatly appreciate your patience and wish you success with your other endeavors in the Keys.

23.     Attached hereto as **Exhibit "D"** is a true copy of O'Connor's January 7, 2018 1:49:31

PM email to Gene Francisco. Same states:

> Gene:
>
> Other than my email, what do you need to cancel your Contract?
>
> Best wishes on your other Keys ventures; we are going to be in for a long and protracted litigation with F ckin Lloyds of London.

24.     Attached hereto as **Exhibit "E"** is a true copy of O'Connor's January 7, 2018 1:53:25

PM email to Gene Francisco. Same states:

> Gene:
> Bob and I are looking at other opportunities to buy and develop abandoned trailor parks after Irma into new and needed multifamily rental communities. We need equity partners to do so.
> Does your NY affiliates have any interest?

25.     By email dated January 11, 2018, a true copy of which is attached as **Exhibit "F"** hereto,

ATI rejected O'Connor's unilateral attempt to terminate the Contract. Said email states:

> Frank - While I empathize with you, the fact remains that we have a contract and are entitled to the benefit of the bargain. My partners will not simply walk away. We will be in Key West on other business January 19. We need to have a meeting over the weekend or Monday to try and come up with a resolution to this unfortunate situation. Also, as previously mentioned in your last email, our New York affiliates are always interested in real estate opportunities we bring to them.
>
> Gene

26.     ATI demanded payment of its benefit of the bargain damages. Said demands included,

without limitation, the March 19, 2018 letter from ATI's counsel to Messrs. O'Connor and

Pabian, a true copy of which is attached as **Exhibit "G"** hereto.

4

27.     Sunset Marina rejected ATI's demands. Said rejections included, without limitation, a letter from Christopher Deem, Esq. ("Deem") dated March 21, 2018, a true copy of which is attached as **Exhibit "H"** hereto (the "Deem Letter").

28.     Deem is employed by the Smith Hawks law firm.

29.     Barton W. Smith, Esq. is the managing member of the Smith Hawks law firm.

30.     Barton W. Smith is Sunset Marina, LLC's registered agent of record.

31.     Despite Barton W. Smith being both the managing member of the Smith Hawks law firm and Sunset Marina, LLC's registered agent, the Deem Letter among other things states:

             "Sunset Marina" does not exist.

32.     The Deem letter further falsely alleges that ATI's counsel demanded payment from "Stock Island Apartments".

33.     The Deem letter further falsely alleges that ATI's counsel claimed that Stock Island Apartments is party to a contract with ATI.

34.     On or about March 22, 2018, the Smith Hawks law firm filed suit in the Circuit Court of the Sixteenth Judicial Circuit, in and for Monroe County, Florida captioned "Stock Island Apartments, LLC v. ATI-Air Technology, Inc., a New Hampshire Corp.", Case Number CAK18281, Uniform Case Number 442018CA000281A001KW.

35.     Deem refused to provide a copy of said complaint to ATI's counsel. ATI nonetheless obtained a copy thereof. Said complaint, a true copy of which is attached as **Exhibit "I"** hereto, seeks a declaration that Stock Island Apartments, LLC is not party to a contract with ATI.

36.     Stock Island Apartments, LLC and ATI are the sole parties to the Florida action.

## COUNT I: BREACH OF CONTRACT

37.     Plaintiff repeats the prior allegations of the Complaint as if fully set forth at length herein.

38.     ATI's offer and Sunset Marina's October 21, 2017 acceptance thereof as aforesaid created a binding and enforceable contract between ATI and Sunset Marina.

39.     By way of pleading in the alternative, ATI's offer and Sunset Marina's October 21, 2017 acceptance thereof as aforesaid created a binding and enforceable contract between ATI, on the one hand, and/or Sunset Marina and/or, Sunset Marina, LLC, Sunset Marina, LLC d/b/a Sunset Marina and/or Sunset Marina Apartments, LLC and/or Sunset Marina Apartments, LLC d/b/a Sunset Marina and/or Robert Pabian d/b/a Sunset Marina and/or Frank O'Connor d/b/a Sunset Marina, on the other hand.

40.     By way of further pleading in the alternative, and based upon Deem's claim that Sunset Marina does not exist, the October 21, 2017 acceptance of ATI's offer on behalf of an allegedly non-existent entity created a binding and enforceable contract between ATI and Pabian, individually, and in his capacity as doing business as Sunset Marina.

41.     By way of further pleading in the alternative, and based upon Deem's claim that Sunset Marina does not exist, the October 21, 2017 acceptance of ATI's offer on behalf of an allegedly non-existent entity created a binding and enforceable contract between ATI and O'Connor, individually, and in his capacity as doing business as Sunset Marina.

42.     ATI suffered damages by virtue of Defendants' breach of the contract as aforesaid.

**WHEREFORE**, ATI Air Technology, Inc. demands judgment against Defendants, Sunset Marina, Sunset Marina, LLC, Sunset Marina, LLC d/b/a Sunset Marina, Sunset Marina Apartments, LLC, Sunset Marina Apartments, LLC d/b/a Sunset Marina, Robert Pabian, Robert

Pabian d/b/a Sunset Marina, Frank O'Connor, Frank O'Connor d/b/a Sunset Marina, jointly and severally for:

| | | |
|---|---|---|
| | A. | Compensatory damages; |
| | B. | Pre-judgment interest; |
| | C. | Cost of suit; and |
| | D. | For such other relief as the court may deem appropriate. |

### COUNT II: COMMON LAW FRAUD

43.   Plaintiff repeats the prior allegations of the Complaint as if fully set forth at length herein.

44.   At the time Pabian solicited the offer from ATI as aforesaid, Pabian represented that if the offer was accepted, ATI would be paid for its services set forth in the offer.

45.   Pabian's representation as aforesaid was knowingly false at the time it was made.

46.   Pabian made the knowingly false representation with the intention that ATI rely on same.

47.   Pabian's knowingly false representation induced ATI to enter into the contract.

48.   But for Pabian's knowingly false representation as aforesaid, ATI would not have entered into the contract.

49.   In entering into the contract, ATI was not aware of the falsity of Pabian's representation, believed it to be true, and could not have discovered the falsity thereof by the exercise of reasonable diligence.

50.   In reliance on Pabian's representation, as aforesaid, ATI turned away work offered by other parties.

51.   Upon information and belief, Pabian's purpose in soliciting ATI's offer was to obtain funding for the project based upon the accepted proposal and then award the work to other contractors.

52.   Pabian failed to disclose that his purpose in soliciting ATI's offer was to obtain funding for the project based upon the accepted proposal.

7

53.     Pabian failed to disclose that the work ATI contracted to perform would be awarded to other contractors.

54.     At the time Pabian signed the acceptance of ATI's offer as a foresaid, Pabian knew that those in control of Sunset Marina would disavow the resultant contract.

55.     Pabian failed to disclose that those in control of Sunset Marina would disavow the resultant contract.

56.     At the time Pabian signed the acceptance of ATI's offer as a foresaid, Pabian knew that those in control of Sunset Marina intended to unilaterally terminate the resultant contract without paying any compensation to ATI.

57.     Pabian failed to disclose that those in control of Sunset Marina intended to unilaterally terminate the resultant contract without paying any compensation to ATI.

58.     At the time Pabian signed the acceptance of ATI's offer as aforesaid, Pabian knew or should have known that ATI would turn away work offered by other parties.

59.     ATI incurred economic damages as the result of Pabian's knowingly false representations as aforesaid.

60.     ATI incurred economic damages as the result of Pabian's failures to disclose as aforesaid.

61.     At the time O'Connor solicited the offer from ATI as aforesaid, Pabian represented that if the offer was accepted, ATI would be paid for its services set forth in the offer.

62.     O'Connor's representation as aforesaid was knowingly false at the time it was made.

63.     O'Connor made the knowingly false representation with the intention that ATI rely on same.

64.     O'Connor's knowingly false representation induced ATI to enter into the contract.

65.    But for O'Connor's knowingly false representation as aforesaid, ATI would not have entered into the contract.

66.    In entering into the contract, ATI was not aware of the falsity of O'Connor's representation, believed it to be true, and could not have discovered the falsity thereof by the exercise of reasonable diligence.

67.    In reliance on O'Connor's representation, as aforesaid, ATI turned away work offered by other parties.

68.    Upon information and belief, O'Connor's purpose in soliciting ATI's offer was to obtain funding for the project based upon the accepted proposal and then award the work to other contractors.

69.    O'Connor failed to disclose that his purpose in soliciting ATI's offer was to obtain funding for the project based upon the accepted proposal.

70.    O'Connor failed to disclose that the work ATI contracted to perform would be awarded to other contractors.

71.    At the time Pabian signed the acceptance of ATI's offer as a foresaid, O'Connor knew that those in control of Sunset Marina would disavow the resultant contract.

72.    O'Connor failed to disclose that those in control of Sunset Marina would disavow the resultant contract.

73.    At the time Pabian signed the acceptance of ATI's offer as a foresaid, O'Connor knew that those in control of Sunset Marina intended to unilaterally terminate the resultant contract without paying any compensation to ATI.

74.    O'Connor failed to disclose that those in control of Sunset Marina intended to unilaterally terminate the resultant contract without paying any compensation to ATI.

75.     At the time Pabian signed the acceptance of ATI's offer as aforesaid, O'Connor knew or

should have known that ATI would turn away work offered by other parties.

76.     ATI incurred economic damages as the result of O'Connor's knowingly false

representations as aforesaid.

77.     ATI incurred economic damages as the result of O'Connor's failures to disclose as

aforesaid.

        **WHEREFORE**, ATI Air Technology, Inc. demands judgment against Robert Pabian and

Frank O'Connor, jointly and severally for:

        A.      Compensatory damages;
        B.      Pre-judgment interest;
        C.      Exemplary damages;
        D.      Counsel fees;
        E.      Cost of suit; and
        F.      For such other relief as the court may deem appropriate.

## COUNT III: CIVIL CONSPIRACY

78.     Plaintiff repeats the prior allegations of the Complaint as if fully set forth at length herein.

79.     Pabian and O'Connor entered into a civil conspiracy, the unlawful object of which was to

inflict a wrong against ATI.

80.     In furtherance of the civil conspiracy as aforesaid, Pabian and O'Connor induced ATI

into entering into the contract with Sunset Marina as aforesaid.

81.     Upon information and belief, Pabian and/or O'Connor and/or an as yet to be identified

participant in the civil conspiracy utilized the contract to obtain funding for the subject project.

82.     Upon further information and belief, the funds for the subject project obtained based

upon ATI's contract as aforesaid were utilized to pay other contractors a lesser amount to

perform the service ATI had been retained to provide.

83.    ATI incurred damages by virtue of the civil conspiracy including, without limitation, the

income it would have earned on the contracts it would have entered into with other parties but

for the contract with Sunset Marina.

**WHEREFORE**, ATI Air Technology, Inc. demands judgment against Robert Pabian and

Frank O'Connor, jointly and severally for:

A.    Compensatory damages;
B.    Pre-judgment interest;
C.    Exemplary damages;
D.    Counsel fees;
E.    Cost of suit; and
F.    For such other relief as the court may deem appropriate.

Steven A. Lang, Esq.

Dated: April 12 , 2018

## DEMAND FOR TRIAL BY JURY PURSUANT TO R. 4:35-1

Pursuant to <u>R</u>. 4:35-1, Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:5-1(c)

Pursuant to <u>R</u>. 4:5-1(c), Steven A. Lang, Esq. is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)

I hereby certify that, to the best of my knowledge and belief, except as noted below, the

matter in controversy is not currently the subject of any other action pending in any court or of

an arbitration proceeding and that no such court action or arbitration proceeding is contemplated.

I further certify that, except as noted below, I am presently unaware of any non-party who should

be joined in this action.

11

(A)   Other actions: On or about March 22, 2018, Stock Island Apartments, LLC filed

suit in the Sixteenth Judicial Circuit, in and for Monroe County, Florida seeking a declaration

that it is not party to a contract with the Plaintiff herein, ATI Air Technology, Inc. Said matter is

captioned "Stock Island Apartments, LLC v. ATI-Air Technology, Inc., a New Hampshire

Corp." and is pending under Case Number CAK18281, Uniform Case Number

442018CA000281A001KW. No Defendant herein has been joined in the Florida lawsuit.

The Plaintiff herein, ATI Air Technology, Inc. does not contend that it is party to a

contract with Stock Island, LLC. At present, it is unknown whether the Stock Island, LLC is

otherwise liable for ATI Air Technology, Inc.'s damages complained of herein. Any such claims,

however, could not be litigated in the matter pending in Florida as the sole issue to be resolved

therein is whether Stock Island, LLC is party to a contract with ATI Air Technology, Inc.

(B)   Non-parties who should be joined in this action: Further investigation may reveal

that Stock Island Apartments, LLC and Barton W. Smith should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the
foregoing statements made by me are willfully false, I am subject to punishment.

_Steven A. Lang, Esq._

_____

Steven A. Lang, Esq.

Dated: April 12, 2018

# EXHIBIT A

**From:** fsowpb <fsowpb@gmail.com>
**Date:** October 17, 2017 at 1:50:50 PM EDT
**To:** Gene Francisco <1protouch.contracting@gmail.com>, Gene Francisco
<protouch.contracting@gmail.com>
**Cc:** Bob Pabian <rcpabian@gmail.com>
**Subject: Sunset Marina**
Gene:

Thank you for meeting with Bob and myself today.

Attached is a plan of one floor of the buildings ( 2 units). Every one of the 40 units are identical
with the exception of ceiling heights. The lower floor ceilings are flat 9'.The upper floors are
cathedral ceilings that slope from 8' at the exterior wall to 9' at the center dimising wall.

Call me with any questions.



Sent from:
Frank OConnor
Tele: (561) 722-9725
Email: fsowpb@gmail.com

# EXHIBIT B

**From:** Robert Pabian <rcpabian@gmail.com>
**Date:** October 20, 2017 at 3:21:21 PM EDT
**To:** OConnor Frank <fsowpb@gmail.com>, Francisco Gene
<1protouch.contracting@gmail.com>, Francisco Gene <protouch.contracting@gmail.com>
**Subject: Interior Repairs Sunset.pdf**
Regards,


Bob Pabian
<><

rcpabian@gmail.com
305-587-8565  Office
850-221-2339  Cell



October 20, 2017

Mr. Frank O'Connor
Sunset Marina
555 College Road
Key West, FL
Tel: 561-722-9725

Re: Interior Repairs; 44 Condos, Sunset Marina - #17AT103

Dear Mr. O'Connor,

Thank you for giving ATI-Air Technology, Inc. (ATI) the opportunity to submit the following proposal for doing the above renovations at the above marina.

Attached you will find a separate copy of the Proposal Acceptance form.  Please sign and return at your convenience to expedite this order and schedule a date and time to begin work.

Should you require additional information, or have any questions regarding this proposal, please give me a call.

Sincerely,

*Robert Jawitz*

Robert Jawitz
Account Executive

# ATI-Air Technology, Inc.

## RENOVATIONS PROPOSAL FOR:

## Sunset Marina
### Interior Repairs; 44 Condos

### JOB #: 17AT103

### PROPOSAL DATE: October 20, 2017

# ATI-Air Technology, Inc.

## JOB #: 17AT103

### PROPOSAL DATE: October 20, 2017

### RENOVATIONS PROPOSAL
### TABLE OF CONTENTS

**1.0 INTRODUCTION** .................................................................................................**1-1**

   1.1 General ...............................................................................................................1-1
   1.2 Definitions .........................................................................................................1-2

**2.0 PROPOSED WORK FOR: Interior Repairs; 44 Condos** ....................................**2-1**

   2.1 Scope of Work ...................................................................................................2-1
   2.2 Cost Breakdown ................................................................................................2-2
   2.3 General Conditions ...........................................................................................2-3

**6.0 PROPOSAL ACCEPTANCE** .................................................................................**6-1**

## 2.0   PROPOSED WORK FOR: Interior Repairs; 44 Condos

### 2.1   Scope of Work

*During the RENOVATION WORK AT THE SUNSET MARINA, the following work will be performed:*

- Install new gypsum board wherever removed throughout damaged area to match existing..
- Tape, spackle and sand as required.
- Replace insulation where removed from demolition.
- Texture and paint all ceilings (to match original texture).
- Prime and paint all walls (finish and color by Owner).
- Install new doors and trim where removed (to match original styles).
- Install new crown moldings where demolished (to match existing).
- Install new window trim where demolished (to match existing).
- Install new composite wood floating floor where demolished (size and style to match existing).
- Install new baseboard trim where demolished (size and style to match existing).
- Prime and paint all trim and doors (color and finish by Owner)
- All debris to be removed to on-site dumpster.
- Units will be left broom-cleaned.

Notes:

1. Labor is non-union, non-prevailing wage.
2. All materials supplied by Owner.
3. Kitchens and bathrooms not included.
4. Dumpster by Owner.
5. Work done outside of above scope shall be billed as a change order either as a lump sum or at Time and Material Rates plus 10% Overhead and 10% Profit after approval by Owner.
6. No electrical or plumbing work included.
7. No roofing or exterior work included.
8. All permits by Owner.
9. Delays in providing materials may result in a change order for lost time and labor.
10. Per diems and hotels included.
11. Contractor's insurance included.
12. ATI is not responsible for damage caused by previous contractors for any surfaces not covered in above scope.
13. ATI not responsible for water infiltration, staining or mold after work in completed.

2.2     Cost Breakdown

*The cost associated with the attached work will be:*

## $1,420,000.00
(plus applicable sales tax)

- The above quotations reflect all work outlined in section 2.1 and will remain valid for a period of 30 days from the proposal date.

2.3     Underline{General Conditions}

A.     **Scheduling -** Scheduling for work will be coordinated with Mr. Frank O'Connor. Work is to be done during normal working hours.


B.     **Pre-Project Requirements -**

    1. Sunset Marina will be responsible for notifying occupants in affected areas prior to the start of operations.

C.     **Owner/Customer Responsibilities -** Sunset Marina will be responsible for the following:

    1.  Insuring ATI-Air Technology, Inc. will have a mechanic/supervisor to provide access to the site and all subject spaces, assist in locating electrical supply (if possible), and act as a liaison between Air Technology Inc. and residents.

    2.  Providing parking for ATI-Air Technology, Inc service vehicle adjacent to building where work will be performed.


D.     **General**

    1.  In the event that ATI-Air Technology, Inc. discovers conditions or circumstances during work which were not indicated in bid documents, drawings, or were not accessible during assessment of the facility which will increase the scope of work or alter the schedule of work, ATI-Air Technology, Inc. will notify the customer (or customer's representative) of such conditions or circumstances and will request a corresponding Change Order from the customer.

    2. According to the laws of this State, Mechanics Liens must be filed within 90 days of the last physical work on site. If payment is not received in 60 days, consider this notice to file a Mechanics Lien.

# 6.0   PROPOSAL ACCEPTANCE

## Interior Repairs; 44 Condos

### JOB #: 17AT103

Signature below indicates acceptance of all attached terms and conditions within this document for the service(s) to be provided as described by ATI-Air Technology, Inc..

**Payment Terms: 50% down upon start of first 5 units (min. of 5 units to start and progress of work to be in groups of 5 units each with a final of 4 units). Invoicing will be weekly and payments of invoices to be within 7 days by wire transfer. Contract is based on 44 units.**

Acknowledged by an authorized representative of Sunset Marina:

_____        _____        _____
Signature                                    Title   *Mgr.*                              Date   *10/20/17*

_____
Print Full Name   *Robert Fabian*

Purchase Order Number: ___*N/A*___

Project Start Date: ___*10/30/17*___

6-1

# EXHIBIT C

**From:** fsowpb <fsowpb@gmail.com>
**Date:** January 5, 2018 at 2:13:45 PM EST
**To:** Robert Jawitz <rjawitz@ati-airtechnologyinc.com>
**Cc:** rcpabian@gmail.com, Frank Conner <fconnerati@yahoo.com>, Gene Francisco <1protouch.contracting@gmail.com>
**Subject: Re: Sunset Marina**

Robert:
We need to cancel your Contract. Insurance Advances are not forthcoming as expected which precludes our ability to meet your funding requirements.
We greatly appreciate your patience and wish you success with your other endeavors in the Keys.

Sent from:
Frank OConnor
Tele: (561) 722-9725
Email: fsowpb@gmail.com

# EXHIBIT D

**From:** fsowpb <fsowpb@gmail.com>
**Date:** January 7, 2018 at 1:49:31 PM EST
**To:** Gene Francisco <1protouch.contracting@gmail.com>
**Subject: Re: Sunset Marina**

Gene:
Other than my email , what do you need to cancel your Contract?

Best wishes on your other Keys ventures; we are going to be in for a long and protracted litigation with F
ckin Lloyds of London:((

Sent from:
Frank OConnor
Tele: (561) 722-9725
Email: fsowpb@gmail.com

# EXHIBIT E

**From:** fsowpb <fsowpb@gmail.com>
**Date:** January 7, 2018 at 1:53:25 PM EST
**To:** Gene Francisco <1protouch.contracting@gmail.com>
**Subject: JV opportunities**

Gene:
Bob and I are looking at other opportunities to buy and develop abandoned trailor parks after Irma into new and needed multifamily rental communities. We need equity partners to do so.
Does your NY affiliates have any interest?

Sent from:
Frank OConnor
Tele: (561) 722-9725
Email: fsowpb@gmail.com

# EXHIBIT F

On Jan 11, 2018, at 11:09 AM, Gene Francisco <1protouch.contracting@gmail.com> wrote:

Frank - While I empathize with you, the fact remains that we have a contract and are entitled to the benefit of the bargain. My partners will not simply walk away.  We will be in Key West on other business January 19. We need to have a meeting over the weekend or Monday to try and come up with a resolution to this unfortunate situation. Also, as previously mentioned in your last email, our New York affiliates are always interested in real estate opportunities we bring to them.

Gene

Sent from my iPhone

# EXHIBIT G



## STEVEN A. LANG
ATTORNEY AT LAW

1 Broadway, Suite 201 Denville, NJ 07834
PHONE: 973.957.0808 FAX: 973.625.3564

March 19, 2018

Sunset Marina
555 College Road
Key West, FL  33040

Attention:    Mr. Frank O'Connor (via email fsowpb@gmail.com and regular mail)
              Mr. Robert Pabian (via email rcpabian@gmail.com and regular mail)

Re:    Sunset Marina - Interior Repairs, 44 Condos; Your Job # 17AT103

Dear Messrs. O'Connor and Pabian:

I represent ATI-Air Technology, Inc. "("ATI") in the above referenced matter. I am attaching a copy of the October 20, 2017 contract between ATI and Sunset Marina pursuant to which Sunset Marina agreed to pay ATI $1,420,000.00 for the services set forth therein. By email dated January 5, 2018, Mr. O'Connor, acting on behalf of Sunset Marina, informed ATI that "We need to cancel your Contract. Insurance Advances are not forthcoming as expected which precludes our ability to meet your funding requirements". The contract, however, is not contingent upon Sunset Marina's insurer funding the project. Nonetheless, ATI offered you the opportunity to resolve the matter amicably. You rejected that opportunity.

As you can imagine, ATI has incurred substantial damages including, without limitation, ATI's "benefit of its bargain" damages and income ATI would have earned on projects it turned down in reliance on Sunset Marina's performance of its obligations. Moreover, notwithstanding Mr. O'Connor's justification for attempting to terminate the contract, other contractors are doing the work Sunset Marina retained ATI to do.

In light of the foregoing, ATI has retained me to file suit. Before filing suit, I wish to offer you one final opportunity to resolve the matter. If you have any interest in attempting to resolve the matter, please contact me or have your attorney contact me. If you or your attorney wish to contact me after business hours, I am generally available on my cell phone until 10 pm. The number is (732) 616-7199. I will, therefore, file suit without further notice if your or your attorney do not contact me by close of business on March 22, 2018. In that regard, given that Sunset Marina purposefully availed itself of the opportunity to do business with a New Jersey Company, I will file suit in the Superior Court of New Jersey, Morris County Vicinage. Please be guided accordingly.

Sincerely yours,

Steven A. Lang, Esq.

cc: ATI-Air Technology, Inc. (via email only, with enclosure)

# EXHIBIT H



SMITH/HAWKS
ATTORNEYS AT LAW

<u>VIA US MAIL & ELECTRONIC MAIL</u>

March 21, 2018

Steven A. Lang
1 Broadway, Suite 201
Denville, NJ 07834
Email: SteveLang@SteveLangLaw.com

RE:   Your Correspondence to Messrs. O'Connor and Pabian, dated March 19, 2018

Dear Mr. Lang,

I hope this correspondence finds you well. This firm represents Stock Island Apartments, LLC. It has come to my attention that you sent a letter purporting to be a demand to "Stock Island Marina," and to Mr. Frank O'Connor and Mr. Robert Pabian as representatives of "Stock Island Marina."

I would like to address several assertions that are incorrect in your letter. First, "Sunset Marina" does not exist. Second, there is no contract between "Sunset Marina" or Stock Island Apartments, LLC, and your client, ATI-Air Technology, Inc. ("ATI"). Third, ATI is not a "New Jersey Company" as you state, but is registered as a corporation in the state of New Hampshire. Fourth, my client never purposefully availed itself of a "New Jersey Company," as you state; instead, your client, who received a license from the state of Florida, was looking for contracting work after Hurricane Irma, and made a proposal for work on real property in Monroe County, Florida. This proposal was made, in person, in Monroe County, Florida, by representatives of your client- a licensed Florida contractor. Finally, it is my understanding that ATI refused to attend a meeting that was set up to resolve any outstanding issues.

<u>Given the statements in your letter, Stock Island Apartments, LLC, has found it necessary to file a lawsuit against ATI in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, case no. 18-CA-000281-K.</u> Your letter, along with the First and Second Proposal sent by ATI for possible work for my client, were included as exhibits to the Complaint.

Please let me know if your client has counsel licensed in Florida that I may contact regarding service of the Complaint. If not, we will serve your client's registered agent in Florida.

Do not hesitate to call me if you have any questions, or need to discuss any of these issues.

Very Truly Yours,

Christopher B. Deem

CBD/bg

Cc:   Client

# EXHIBIT I



# SMITH/HAWKS
## ATTORNEYS AT LAW

<u>VIA US MAIL & ELECTRONIC MAIL</u>

March 21, 2018

Steven A. Lang
1 Broadway, Suite 201
Denville, NJ 07834
Email: SteveLang@SteveLangLaw.com

RE:   **Your Correspondence to Messrs. O'Connor and Pabian, dated March 19, 2018**

Dear Mr. Lang,

I hope this correspondence finds you well.  This firm represents Stock Island Apartments, LLC.  It has come to my attention that you sent a letter purporting to be a demand to "Stock Island Marina," and to Mr. Frank O'Connor and Mr. Robert Pabian as representatives of "Stock Island Marina."

I would like to address several assertions that are incorrect in your letter.  First, "Sunset Marina" does not exist.  Second, there is no contract between "Sunset Marina" or Stock Island Apartments, LLC, and your client, ATI-Air Technology, Inc. ("ATI").  Third, ATI is not a "New Jersey Company" as you state, but is registered as a corporation in the state of New Hampshire.  Fourth, my client never purposefully availed itself of a "New Jersey Company," as you state; instead, your client, who received a license from the state of Florida, was looking for contracting work after Hurricane Irma, and made a proposal for work on real property in Monroe County, Florida.   This proposal was made, in person, in Monroe County, Florida, by representatives of your client- a licensed Florida contractor.  Finally, it is my understanding that ATI refused to attend a meeting that was set up to resolve any outstanding issues.

<u>Given the statements in your letter, Stock Island Apartments, LLC, has found it necessary to file a lawsuit against ATI in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, case no. 18-CA-000281-K.</u>  Your letter, along with the First and Second Proposal sent by ATI for possible work for my client, were included as exhibits to the Complaint.

Please let me know if your client has counsel licensed in Florida that I may contact regarding service of the Complaint.  If not, we will serve your client's registered agent in Florida.

Do not hesitate to call me if you have any questions, or need to discuss any of these issues.

Very Truly Yours,

Christopher B. Deem

CBD/bg

Cc:   Client

138 SIMONTON STREET, KEY WEST, FLORIDA  33040  U.S.A.

00112953 - v1      T. 305-296-7227   F. 305-296-8448   SMITHHAWKS.COM

Filing # 69612321 E-Filed 03/21/2018 03:30:25 PM

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT,

IN AND FOR MONROE COUNTY, FLORIDA

STOCK ISLAND APARTMENTS, LLC,
a Delaware limited liability company,

        Plaintiff,                         CASE NO.:  **2018-CA-**    **-K**

v.

ATI- AIR TECHNOLOGY, INC.,
a New Hampshire corporation,

        Defendant.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, STOCK ISLAND APARTMENTS, LLC, a Delaware limited liability company (hereinafter "Plaintiff" or "SIA"), by and through its undersigned counsel, hereby sues the Defendant, ATI- AIR TECHNOLOGY, INC. (hereinafter the "ATI" or "Defendant"), and as grounds therefore states as follows:

## FACTUAL ALLEGATIONS

1.     This is an action brought for declaratory relief under Chapter 86, Florida Statutes, and other relief.

2.     This Court has subject matter jurisdiction of this cause pursuant to Section 26.012 and 86.011, Florida Statutes.

3.     Venue is proper in Monroe County, Florida pursuant to Chapter 47, Florida Statutes, as Defendant is a Foreign profit corporation, as the subject property is in Monroe County,

Florida, as all causes of action hereinafter alleged accrued in Monroe County, Florida, and this is an action against a non-resident contractor that requires that the action "shall be brought … where the cause of action accrued, or where the property in litigation is located[.]"

4.   Plaintiff is a Delaware limited liability company maintaining its principal place of business in Monroe County, Florida.

5.   Defendant ATI is a Foreign Profit Corporation that has variously stated that it is a "New Jersey Corporation," to Plaintiff and when seeking licenses from the State of Florida, but has filed with the state of Florida as a Foreign Profit Corporation registered in New Hampshire with a registered agent in Naples, Florida.  Defendant ATI is registered as a Domestic Profit Corporation in the state of New Hampshire.

6.   All conditions precedent to the maintenance of this action have occurred or Plaintiff's performance thereof has been waived by Defendants.

7.   SIA is in the business of developing affordable and market-rate housing known as Sunset Parcels on Stock Island, adjacent to Sunset Marina. Stock Island is in Monroe County, Florida.

8.   On September 10, 2017, Hurricane Irma plowed through the Florida Keys, devastating the local communities of Monroe County.  The devastation was such that basic local functions, such as this Court, did not return to operation until October 3, 2017.

9.   At the time that Hurricane Irma hit, SIA had installed, but not finished, forty-four units in Sunset Parcels.

10.    Hurricane Irma substantially damaged the forty-four units, requiring repair.

11.    SIA requested proposals from numerous contractors to repair the damages units, including Defendant.

12.    Defendant made a proposal to SIA in Monroe County.

13.    Defendant represented that they were a New Jersey corporation, and were able to do the work.   Pursuant to that representation, Defendant submitted a proposal on October 20, 2017.   *See* Renovations Proposal, attached hereto as Exhibit A (the "Proposal").

14.    The Proposal stated that it was for $1,420,000.00, and that "the above quotations reflect all work outlined in section 2.1 and will remain valid for a period of 30 days from the proposal date." *Id.* ¶ 2.2.

15.    The Proposal was missing multiple pages and did not include the introduction or definitions section as listed in the table of contents.

16.    The Proposal did not mention SIA at all, instead listing Sunset Marina. *Id.* ¶ 6.0.  SIA has no ownership or control over the Marina.

17.    On October 27, 2018, Defendant sent a new proposal to SIA in Monroe County, Florida. *See* Second Renovations Proposal, attached hereto as Exhibit B (the "Second Proposal"). The Second Proposal has different terms, with additional charges, than the Proposal. *See* Proposal, *cf.* Second Proposal.

18.    The Second Proposal was never signed or agreed to.

19.  SIA became aware of additional facts surrounding Defendant during the meantime; specifically, SIA learned that the ATI was one of a number of associated companies purporting to do the same business, that ATI was not a "New Jersey corporation," but a New Hampshire corporation, and that the original bid amount of $1,420,000 (and the supplemental bid) was wildly inflated due to Hurricane Irma.

20.  As SIA had serious doubts about both Defendant's prices, as well as Defendant's ability to perform to the proposal, SIA decided not to accept Defendant's proposals.

21.  Since SIA rejected Defendant's proposals, Defendant has been demanding that SIA pay the full value ($1,420,000.00) of the Proposal, despite having no contract.  Defendant has stated that the Proposal is a binding contract on SIA, and that Defendant will hale SIA into court in New Jersey is SIA fails to pay ATI's demands. *See* Demand Letter, attached hereto as Exhibit C ("Demand Letter").  It remains unclear how a New Hampshire corporation will drag a Delaware LLC into a court in New Jersey over a proposal regarding work and real property in Florida.

## COUNT I – DECLARATORY RELIEF

22.  SIA repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 above, as if set forth herein in full.

23.  This is an action for declaratory judgment pursuant to Florida Statutes, Chapter 86.

24.  SIA is in doubt of its rights and obligations under the Proposal, and questions the purported validity of the "contract" that Defendant is seeking to enforce.

25.     Defendant's position that SIA must pay any amount as contractual damages for the Proposal that SIA did not sign, and that Defendant attempted to within the week, is contrary to SIA's understanding of the Proposal.

26.     There is a bona fide, actual, present and practical need for a declaration of SIA's and Defendant's respective rights as pertains to the Proposal, and in particular, a determination that SIA has no contractual obligations under the Proposal to Defendant.

27.     An actual and present controversy exists between SIA and Defendant as to the existence or nonexistence of a power, privilege or right which does or may depend on whether such power, privilege or right now exists or will again arise in the future. *See* Demand Letter.

28.     SIA has no adequate remedy at law.

29.     All parties potentially interested herein, are joined as parties hereto.

WHEREFORE, Plaintiff, STOCK ISLAND APARTMENTS, LLC, respectfully requests that this Court take jurisdiction over the parties hereto and the subject matter hereof, and declare the rights and obligations of the respective parties, including the following:

A.      A declaration that STOCK ISLAND APARTMENTS, LLC, is not contractually obligated to ATI- AIR TECHNOLOGY, INC.;

B.      A declaration that the Proposal is not a binding contract; and

C.      Awarding STOCK ISLAND APARTMENTS, LLC its costs and disbursements, and such other and further relief as this Court deems just, equitable and proper.

00112792 - v2

DATED:  March 21, 2018.

                                  SMITH HAWKS, PL
                                  138 Simonton Street
                                  Key West, Florida 33040
                                  Telephone:  (305) 296-7227
                                  Facsimile: (305) 296-8448

By:  /s/ CHRISTOPHER B. DEEM
                                  Christopher B. Deem
                                  Florida Bar No. 94462

                                  Primary e-mail:   Chris@SmithHawks.com
                                  Secondary e-mail:  Brandi@SmithHawks.com

# EXHIBIT A



October 20, 2017

Mr. Frank O'Connor
Sunset Marina
555 College Road
Key West, FL
Tel: 561-722-9725

Re: Interior Repairs; 44 Condos, Sunset Marina - #17AT103

Dear Mr. O'Connor,

Thank you for giving ATI-Air Technology, Inc. (ATI) the opportunity to submit the following proposal for doing the above renovations at the above marina.

Attached you will find a separate copy of the Proposal Acceptance form.  Please sign and return at your convenience to expedite this order and schedule a date and time to begin work.

Should you require additional information, or have any questions regarding this proposal, please give me a call.

Sincerely,

*Robert Jawitz*

Robert Jawitz
Account Executive

ATI-Air Technology, Inc.      PO Box 625, 429 Rockaway Valley Road, Bldg. 12      Boonton, NJ 07005
Tel: 973-334-3375             Fax: 973-334-1348                Web: www.ATI-airtechnologyinc.com



EXHIBIT A

# ATI-Air Technology, Inc.

## RENOVATIONS PROPOSAL FOR:

### Sunset Marina
### Interior Repairs; 44 Condos

JOB #: 17AT103

PROPOSAL DATE: October 20, 2017

# ATI-Air Technology, Inc.

### JOB #: 17AT103

### PROPOSAL DATE: October 20, 2017

### RENOVATIONS PROPOSAL
### TABLE OF CONTENTS

1.0 INTRODUCTION ................................................................................1-1

   1.1 General ....................................................................................1-1
   1.2 Definitions ...............................................................................1-2

2.0 PROPOSED WORK FOR: Interior Repairs; 44 Condos ........................2-1

   2.1 Scope of Work..........................................................................2-1
   2.2 Cost Breakdown .......................................................................2-2
   2.3 General Conditions....................................................................2-3

6.0 PROPOSAL ACCEPTANCE...............................................................6-1

## 2.0    PROPOSED WORK FOR: Interior Repairs; 44 Condos

2.1    <u>Scope of Work</u>

*During the RENOVATION WORK AT THE SUNSET MARINA, the following work will be performed:*

- Install new gypsum board wherever removed throughout damaged area to match existing..
- Tape, spackle and sand as required.
- Replace insulation where removed from demolition.
- Texture and paint all ceilings (to match original texture).
- Prime and paint all walls (finish and color by Owner).
- Install new doors and trim where removed (to match original styles).
- Install new crown moldings where demolished (to match existing).
- Install new window trim where demolished (to match existing).
- Install new composite wood floating floor where demolished (size and style to match existing).
- Install new baseboard trim where demolished (size and style to match existing).
- Prime and paint all trim and doors (color and finish by Owner)
- All debris to be removed to on-site dumpster.
- Units will be left broom-cleaned.

Notes:

1. Labor is non-union, non-prevailing wage.
2. All materials supplied by Owner.
3. Kitchens and bathrooms not included.
4. Dumpster by Owner.
5. Work done outside of above scope shall be billed as a change order either as a lump sum or at Time and Material Rates plus 10% Overhead and 10% Profit after approval by Owner.
6. No electrical or plumbing work included.
7. No roofing or exterior work included.
8. All permits by Owner.
9. Delays in providing materials may result in a change order for lost time and labor.
10. Per diems and hotels included.
11. Contractor's insurance included.
12. ATI is not responsible for damage caused by previous contractors for any surfaces not covered in above scope.
13. ATI not responsible for water infiltration, staining or mold after work in completed.

2.2     Cost Breakdown

*The cost associated with the attached work will be:*

## $1,420,000.00
(plus applicable sales tax)

- The above quotations reflect all work outlined in section 2.1 and will remain valid for a period of 30 days from the proposal date.

2.3     Underline{General Conditions}

A.     **Scheduling -** Scheduling for work will be coordinated with Mr. Frank O'Connor. Work is to be done during normal working hours.

B.     **Pre-Project Requirements -**

1. Sunset Marina will be responsible for notifying occupants in affected areas prior to the start of operations.

C.     **Owner/Customer Responsibilities -** Sunset Marina will be responsible for the following:

1. Insuring ATI-Air Technology, Inc. will have a mechanic/supervisor to provide access to the site and all subject spaces, assist in locating electrical supply (if possible), and act as a liaison between Air Technology Inc. and residents.

2. Providing parking for ATI-Air Technology, Inc service vehicle adjacent to building where work will be performed.

D.     **General**

1. In the event that ATI-Air Technology, Inc. discovers conditions or circumstances during work which were not indicated in bid documents, drawings, or were not accessible during assessment of the facility which will increase the scope of work or alter the schedule of work, ATI-Air Technology, Inc. will notify the customer (or customer's representative) of such conditions or circumstances and will request a corresponding Change Order from the customer.

2. According to the laws of this State, Mechanics Liens must be filed within 90 days of the last physical work on site. If payment is not received in 60 days, consider this notice to file a Mechanics Lien.

## 6.0    PROPOSAL ACCEPTANCE

### Interior Repairs; 44 Condos

### JOB #: 17AT103

Signature below indicates acceptance of all attached terms and conditions within this document for the service(s) to be provided as described by ATI-Air Technology, Inc..

**Payment Terms: 50% down upon start of first 5 units (min. of 5 units to start and progress of work to be in groups of 5 units each with a final of 4 units). Invoicing will be weekly and payments of invoices to be within 7 days by wire transfer. Contract is based on 44 units.**

Acknowledged by an authorized representative of Sunset Marina:

_____          Mgr._____          10/20/19_____
Signature                                          Title                                              Date

_____
Print Full Name

Purchase Order Number: _N/A_____

Project Start Date: _10/30/17_____

6-1

# EXHIBIT B



October 27, 2017

Mr. Frank O'Connor
Sunset Marina
555 College Road
Key West, FL
Tel: 561-722-9725

Re: T&M Prep work, Sunset Marina - #17AT107

Dear Mr. O'Connor,

Thank you for giving ATI-Air Technology, Inc. (ATI) the opportunity to submit the following proposal for doing the above work at the above marina.

Attached you will find a separate copy of the Proposal Acceptance form. Please sign and return at your convenience to expedite this order and schedule a date and time to begin work.

Should you require additional information, or have any questions regarding this proposal, please give me a call.

Sincerely,

*Robert Jawitz*

Robert Jawitz
Account Executive

ATI-Air Technology, Inc.      PO Box 625, 429 Rockaway Valley Road, Bldg. 12      Boonton, NJ 07005
Tel: 973-334-3375          Fax: 973-334-1348          Web: www.ATI-airtechnologyinc.com

EXHIBIT B

# ATI-Air Technology, Inc.

## RENOVATIONS PROPOSAL FOR:

## Sunset Marina
### T&M Prep Work

JOB #: 17AT107

PROPOSAL DATE: October 27, 2017

# ATI-Air Technology, Inc.

## JOB #: 17AT107

### PROPOSAL DATE: October 27, 2017

### RENOVATIONS PROPOSAL
### TABLE OF CONTENTS

**1.0 INTRODUCTION** .......................................................... **1-1**

  1.1 General ..................................................................... 1-1

  1.2 Definitions ................................................................ 1-2

**2.0 PROPOSED WORK FOR: T&M Prep Work** ................. **2-1**

  2.1 Scope of Work .......................................................... 2-1

  2.2 Cost Breakdown ....................................................... 2-2

  2.3 General Conditions ................................................... 2-3

**6.0 PROPOSAL ACCEPTANCE** ..................................... **6-1**

## 2.0   PROPOSED WORK FOR: T&M Prep Work

### 2.1   Scope of Work

*During the PREP WORK AT THE SUNSET MARINA, the following work will be performed:*

## PART A

- Perform selective demolition to clean and recut gypsum board to properly receive replacement board.
- Remove screws, staples and glue from framing.
- Clean wall cavities.

## PART B

- Clean and sweep all floors where renovation work will be conducted.
- Install Masonite paneling on those floors to protect them during renovation work.
- Tape seams of Masonite.

Notes:

1. Labor is non-union, non-prevailing wage.
2. **All materials supplied by Owner.**
3. Dumpster by Owner.
4. Work done outside of above scope shall be billed as a change order either as a lump sum or at Time and Material Rates plus 10% Overhead and 10% Profit after approval by Owner.
5. If ATI needs to supply additional materials, they will be reimbursed at cost + 10%.
6. ATI will not be not responsible for past, present or future mold or water damage as initial demolition and restoration was done by another party.

2.2    Cost Breakdown

## PART A

*The cost associated with the attached work will be:*

## T&M

1) 2 DEMO TECH'S ESTIMATED AT 2 DAYS AT $45/HR.
2) OVERTIME 1 1/2X RATE AFTER 40 HOURS AND SATURDAYS
3) OVERTIME 2X RATE ON SUNDAYS AND HOLIDAYS
4) HOTELS AND PER DIEMS AT $30/DAY/WORKER BY OWNER
(plus applicable sales tax)

## PART B

*The cost associated with the attached work will be:*

## T&M

1) 1 CARPENTER TECH AT $45/HR.
2) OVERTIME 1 1/2X RATE AFTER 40 HOURS AND SATURDAYS
3) OVERTIME 2X RATE ON SUNDAYS AND HOLIDAYS
4) HOTELS AND PER DIEMS AT $30/DAY/PER WORKER BY OWNER
(plus applicable sales tax)

- The above quotations reflect all work outlined in section 2.1 and will remain valid for a period of 30 days from the proposal date.
- The above time is an estimate only and final will be determined by field conditions.

2.3     <u>General Conditions</u>

A.     **Scheduling** - Scheduling for work will be coordinated with Mr. Frank O'Connor. Work is to be done during normal working hours.

B.     **Pre-Project Requirements -**

       1. Sunset Marina will be responsible for notifying occupants in affected areas prior to the start of operations.

C.     **Owner/Customer Responsibilities -** Sunset Marina will be responsible for the following:

       1.  Insuring ATI-Air Technology, Inc. will have a mechanic/supervisor to provide access to the site and all subject spaces, assist in locating electrical supply (if possible), and act as a liaison between Air Technology Inc. and residents.

       2.  Providing parking for ATI-Air Technology, Inc service vehicle adjacent to building where work will be performed.

D.     **General**

       1.  In the event that ATI-Air Technology, Inc. discovers conditions or circumstances during work which were not indicated in bid documents, drawings, or were not accessible during assessment of the facility which will increase the scope of work or alter the schedule of work, ATI-Air Technology, Inc. will notify the customer (or customer's representative) of such conditions or circumstances and will request a corresponding Change Order from the customer.

       2. According to the laws of this State, Mechanics Liens must be filed within 90 days of the last physical work on site. If payment is not received in 60 days, consider this notice to file a Mechanics Lien.

# 6.0    PROPOSAL ACCEPTANCE

## T&M Prep Work

### JOB #: 17AT107

Signature below indicates acceptance of all attached terms and conditions within this document for the service(s) to be provided as described by ATI-Air Technology, Inc..

**Payment Terms: Weekly billing at end of work week. Payment by wire the beginning of the following week.**

Acknowledged by an authorized representative of Sunset Marina:

_____        _____        _____
Signature                                     Title                                   Date

_____
Print Full Name

Purchase Order Number:_____

Project Start Date:_____

STEVEN A. LANG
ATTORNEY AT LAW

1 Broadway, Suite 201 Denville, NJ 07834
Phone: 973.957.0808 Fax: 973.625.3564

March 19, 2018

Sunset Marina
555 College Road
Key West, FL  33040

Attention:   Mr. Frank O'Connor (via email fsowpb@gmail.com and regular mail)
             Mr. Robert Pabian (via email rcpabian@gmail.com and regular mail)

Re:   Sunset Marina - Interior Repairs, 44 Condos; Your Job # 17AT103

Dear Messrs. O'Connor and Pabian:

I represent ATI-Air Technology, Inc. ("ATI") in the above referenced matter. I am attaching a copy of the October 20, 2017 contract between ATI and Sunset Marina pursuant to which Sunset Marina agreed to pay ATI $1,420,000.00 for the services set forth therein. By email dated January 5, 2018, Mr. O'Connor, acting on behalf of Sunset Marina, informed ATI that "We need to cancel your Contract. Insurance Advances are not forthcoming as expected which precludes our ability to meet your funding requirements". The contract, however, is not contingent upon Sunset Marina's insurer funding the project. Nonetheless, ATI offered you the opportunity to resolve the matter amicably. You rejected that opportunity.

As you can imagine, ATI has incurred substantial damages including, without limitation, ATI's "benefit of its bargain" damages and income ATI would have earned on projects it turned down in reliance on Sunset Marina's performance of its obligations. Moreover, notwithstanding Mr. O'Connor's justification for attempting to terminate the contract, other contractors are doing the work Sunset Marina retained ATI to do.

In light of the foregoing, ATI has retained me to file suit. Before filing suit, I wish to offer you one final opportunity to resolve the matter. If you have any interest in attempting to resolve the matter, please contact me or have your attorney contact me. If you or your attorney wish to contact me after business hours, I am generally available on my cell phone until 10 pm. The number is (732) 616-7199. I will, therefore, file suit without further notice if your or your attorney do not contact me by close of business on March 22, 2018. In that regard, given that Sunset Marina purposefully availed itself of the opportunity to do business with a New Jersey Company, I will file suit in the Superior Court of New Jersey, Morris County Vicinage. Please be guided accordingly.

Sincerely yours,

*Steve A. Lang, esq.*

Steven A. Lang, Esq.

cc: ATI-Air Technology, Inc. (via email only, with enclosure)

EXHIBIT C